IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH A. LACYNIAK, (#2012-0620108)<br><br>    Plaintiff,<br><br>  v.<br><br>DIRECTOR MORECI, et al.,<br><br>    Defendants. | No. 15 CV 8464<br><br>Judge Manish S. Shah |

## ORDER

Plaintiff was ordered to submit a proposed amended complaint and he has complied. On review of the proposed amended complaint [6], pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff has failed to state a claim, and this case is dismissed. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Enter judgment and terminate civil case.

## STATEMENT

Plaintiff Joseph Lacyniak, who is currently incarcerated at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on August 18, 2015, while a "psych patient" housed in Division 10's "ABO level system" (a medical/psychiatric division of the Jail), Defendant McCoy, a counselor at the Jail, wrote a false incident report that accused him and other inmates of exposing themselves to her. Plaintiff alleges that Defendant Clemmons, a Commander at the Jail, then immediately issued him a disciplinary ticket based on McCoy's allegedly false report. He alleges that on the next shift, Defendants Moreci and Hernandez, a director and officer at the Jail, respectively, learned about the alleged incident and at that time placed him on one five-minute phone call per week as a result. Plaintiff alleges that they took this action before his procedural due process rights "even had a chance to come into play." He also alleges, however, that a Jail official, Supt. Walsh, investigated McCoy's claims, determined that they were untruthful, and therefore had the hearing board "throw out" his disciplinary ticket. Plaintiff alleges that Supt. Walsh then tried to get the phone restrictions removed, but Moreci and Hernandez "overrode" him. Plaintiff alleges that the phone restriction remained in place for the remainder of the time he was housed in Division 10, from August 18, 2015 through September 23, 2015. Currently before this Court is Plaintiff's amended complaint for initial review under 28 U.S.C. § 1915A.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Here Plaintiff's amended complaint fails to state a viable claim.

In order to ensure safety and security within the detention environment, pretrial detainees may be punished for misconduct engaged in while detained, as long as the punishment is imposed "after affording the detainee some sort of procedural protection." *See Rapier v. Harris*, 172 F.3d 999, 1005 (7th Cir. 1999). The requirement to afford due process protections applies only to deprivations imposed as punishment; "no process is required if [action is taken against a detainee] not as punishment but for managerial reasons." *Higgs v. Carver,* 286 F.3d 437, 438 (7th Cir. 2002). "A particular measure amounts to punishment when there is a showing of express intent to punish on the part of detention facility officials, when the restriction or condition is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose." *Rapier,* 172 F.3d at 1005 (citing *Bell v. Wolfish*, 441 U.S. 520, 538 (1974)). Even if a deprivation imposed upon a detainee is punitive and thereby triggers due process

2

protections, those protections need not be afforded on a *pre*-deprivation basis, but rather may be offered in a reasonable manner post-deprivation, due to safety concerns. *See Holly v. Woolfolk,* 415 F.3d 678, 680-81 (7th Cir. 2005) (concluding that immediately segregating detainee where there was probable cause he disrupted jail discipline, and affording him hearing 48 hours later, comported with due process).

Plaintiff fails to state a procedural due process claim. Liberally construing Plaintiff's allegations, he has raised an inference at this stage that his phone restrictions were a punitive measure, but Plaintiff's own allegations also demonstrate that he was afforded procedural protections in conjunction with his disciplinary ticket. *See generally Atkins v. City of Chi.,* 631 F.3d 823, 832 (7th Cir. 2011) (a plaintiff may plead himself out of court by alleging facts that defeat his claim). Plaintiff alleges that his disciplinary ticket was investigated, and that Supt. Walsh determined it to be false and had the hearing board throw it out. He therefore received all the process that the law requires. *See, e.g., Morissette v. Peters,* 45 F.3d 1119, 1122 (7th Cir. 1995) ("There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process."); *Williams v. Cty. of Cook*, No. 09 C 0952, 2010 WL 3324718, at *7-8 (N.D. Ill. Aug. 19, 2010) (detainee afforded due process where assault charge against him was dismissed, even absent a hearing). The fact that the investigation of Plaintiff's ticket and the determination to dismiss it occurred after the restriction of his phone privileges does not, as explained above, make the process constitutionally infirm. *See Holly,* 415 F.3d at 680-81. Plaintiff alleges that the investigation and dismissal occurred shortly after the restriction was imposed. If Defendants Moreci and Hernandez refused to reinstate Plaintiff's full phone privileges after learning that his disciplinary ticket was dismissed, then that is regrettable, but curtailment of Plaintiff's phone privileges for three weeks while he remained in the "ABO level system" is too *de minimus* to itself be a constitutional violation. *See Stead v. Skinner*, No. 10 C 4526, 2011 WL 3882809, at *4 (N.D. Ill. Sept. 2, 2011) (citing *Henderson v. Sheehan,* 196 F.3d 839, 844-45 (7th Cir. 1999) (delay in unfettered phone access is not the sort of "extreme deprivation" required for pretrial detainee to make out a conditions-of-confinement claim); *Williams,* 2010 WL 3324718 at *7-8 (detainee had no claim based on allegation that defendant refused to release him from segregation despite that charge against him was dismissed; ten-day stint in segregation was *de minimus*).

Plaintiff also cannot maintain a claim against Defendant McCoy for allegedly falsifying the incident report. The Seventh Circuit has held that the allegation of a false investigation or report does not state a cause of action, so long as the plaintiff received procedural due process. *See Hanrahan v. Lane,* 747 F.2d 1137, 1140-41 (7th Cir. 1984).

Accordingly, this action is dismissed for failure to state a claim. Given the nature of Plaintiff's claim, further amendment of the complaint would be futile. The

dismissal of this case counts as a "strike" under 28 U.S.C. 1915(g). If Plaintiff accumulates three dismissals under 1915(g), he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *See* 1915(g). This case is terminated.

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

ENTER:

Date: 1/6/16

Manish S. Shah
U.S. District Judge